[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING MOTION TO QUASH
The Danbury Hospital has filed a motion to quash a subpoena duces tecum issued on behalf of the defendant in the above pending dissolution of marriage proceeding.42 USCS § 290dd-2(a) provides as follows:
 (a) Requirement. Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e), be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b).
The plaintiff and the defendant have stipulated that the Danbury Hospital is involved in the performance of a program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation or research that is conducted, regulated or directly or indirectly assisted by a department or agency of the United States.
42 USCS § 290dd-2(b)(2)(C) permits disclosure of the hospital records for "good cause" and provides that in assessing good cause, "the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." Further, 42 C.F.R. Ch. 1 Subpart E § 2.64 establishes the procedures and criteria for orders authorizing disclosures of hospital records for noncriminal purposes. All parties agree that the required application procedure, notice procedure and opportunity to file written response required by § 2.64 have been complied with. This court held an evidentiary hearing and has reviewed the evidence on the application of the defendant for the release of the hospital records. The criteria for ordering the release of the hospital records under § 2.64(d) requires that the court must find that: "(1) [o]ther ways of obtaining the information are not available or would not be effective, and (2) [t]he public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." The court finds that in this case there are not other ways of obtaining the information. CT Page 4010-M The court further finds that the public interest and the need for disclosure does not outweigh the potential injury to the patient, the physician-patient relationship and the treatment of services except regarding six hospital records which the court has had marked as court exhibits: A, B, C, D, E and F for identification only. Insofar as remaining hospital records are concerned that have been marked as defendant's exhibit two for identification, the court orders that those records remain in the file and be sealed and not available for inspection to any party unless there is a court order authorizing such inspection.
Axelrod, J.